### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

VICTORINA A. CIRNEALA,     )
                                 )
         Plaintiff,       )    Case No. 3:12-CV-02150-CL
                                 )
        v.             )    **REPORT AND RECOMMENDATION**
                                 )
CAROLYN L. COLVIN,        )
Commissioner of Social Security,  )
                                 )
        Defendant.      )
_____)

Sara Gabin, 14523 Westlake Drive, Lake Oswego, OR 97035. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Richard M. Rodriguez, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**MARK D. CLARKE, Magistrate Judge.**

      Plaintiff Victorina Cirneala ("plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her application

for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under

Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§

405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence,

the decision should be **AFFIRMED**.

## BACKGROUND

Born in April, 1966, plaintiff was 30 years old on the alleged disability onset date of April 30, 1996. Tr. 64, 89. A native of Romania, plaintiff can respond to questions in English but cannot read or write in English. She attended school in Romania until age 16, and is fluent in Romanian. Tr. 66, 258, 456. Plaintiff has past work experience as a babysitter, housekeeper, sorter, and dishwasher. Tr. 67-8, 83, 110, 247-8, 252, 258, 282.

Plaintiff filed applications for DIB and SSI on March 9, 2010, alleging disability due to anxiety, panic attacks, back problems, migraines, and depression. Tr. 92, 113, 273. The Commissioner denied plaintiff's application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). After an administrative hearing, the ALJ issued a decision finding plaintiff not to be disabled on August 26, 2011. Tr. 40-52. The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final Agency decision. Tr. 1-4; 20 C.F.R. §§ 416.1481, 422.210 (2012). This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

Page 2 – REPORT AND RECOMMENDATION

1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R.
      §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving
      significant mental or physical duties done or intended to be done for pay
      or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing
      such work, she is not disabled within the meaning of the Act. 20 C.F.R.
      §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing
      substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's
      regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless
      expected to result in death, an impairment is "severe" if it significantly
      limits the claimant's physical or mental ability to do basic work activities.
      20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted
      or must be expected to last for a continuous period of at least 12 months.
      20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe
      impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);
      416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis
      proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the
      impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
      then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii);
      416.920(a)(4)(iii). If the impairment does not meet or equal one or more
      of the listed impairments, the analysis proceeds beyond step three. At that
      point, the ALJ must evaluate medical and other relevant evidence to assess
      and determine the claimant's "residual functional capacity" ("RFC"). This
      is an assessment of work-related activities that the claimant may still
      perform on a regular and continuing basis, despite any limitations imposed
      by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c);
      416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC,
      the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC
      assessment? If so, then the claimant is not disabled. 20 C.F.R.
      §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform
      his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience,
      is the claimant able to make an adjustment to other work that exists in
      significant numbers in the national economy? If so, then the claimant is
      not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c);
      416.960(c). If the claimant cannot perform such work, he or she is
      disabled. *Id.*

Page 3 – REPORT AND RECOMMENDATION

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett,* 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, she found that plaintiff had not engaged in substantial gainful activity after the alleged onset date. Tr. 45. At step two, the ALJ found plaintiff had the following severe impairments: migraine headaches with residuals of vomiting, back pain secondary to degenerative disc disease, and anxiety disorder. Tr. 46. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 48.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that plaintiff retains the ability to perform light work with the following limitations: plaintiff can lift and carry 10 pounds frequently and 20 pounds occasionally; she can sit, stand and walk for 2-hour intervals up to 8-hours in each activity in an 8-hour workday with normal breaks; she can

Page 4 – REPORT AND RECOMMENDATION

work in an environment that has no more than moderate noise, with no concentrated exposure to

fumes, dusts, or gases; she should avoid moderate exposure to hazards; she cannot work with the

public, but can work in proximity to co-workers. Tr. 49-50. At step four, the ALJ found

plaintiff was unable to perform any of her past relevant work. Tr. 50-51. At step five, the ALJ

found that plaintiff retains the RFC to perform the jobs of laundry worker and paper

sorter/counter, which exist in significant numbers in the national economy. Tr. 52, 85. The ALJ

therefore concluded that plaintiff is not disabled. Tr. 51-52.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means

"more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r,* 554 F.3d 1219,

1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Id.*

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this court may not substitute its judgment

for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However,

a reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th

Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation

marks omitted)).  The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely.  *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) failing at step three to consider the combined effects of her limitations, (2) improperly rejecting plaintiff's testimony, and (3) improperly rejecting the lay witness testimony.  Plaintiff alleges that due to these errors, the ALJ formulated an incorrect RFC.  Because the ALJ properly included all credible limitations in the RFC assessment, her decision was supported by substantial evidence and should be affirmed.

### Combined Effects of Plaintiff's Limitations

Plaintiff argues that the ALJ failed at step three to consider the combined effects of her anxiety disorder, migraine headaches, and GI disturbance.  The ALJ is required to consider the combined effects of a claimant's impairments in order to determine whether the claimant's limitations meet or equal a listing.  *Lester v. Chater*, 81 F.3d at 829-30.  Plaintiff, however, fails to explain how specific medical evidence of her combined limitations would compel a finding that she meets a specific listing.  *See Tackett,* 180 F.3d at 1100 (claimant bears the burden of proof at step three).  Because the ALJ adequately discussed the medical record and explained her conclusions regarding the appropriate listing criteria at step three, the court can find no error in the ALJ's step three analysis.  *See* Tr. 45-50.

### Plaintiff's Credibility

Plaintiff next argues that the ALJ failed to properly credit her subjective symptom testimony.  The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms.

*Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*)). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any

medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* SSR 96-7p, *available at* 1996 WL 374186.

Further, the Ninth Circuit has said that an ALJ also "may consider . . . ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms . . . other testimony by the claimant that appears less than candid [and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

Plaintiff testified that she is disabled by anxiety disorder with depression, agoraphobia, and migraines. Tr. 89. She stated that she experiences dizziness, tinnitus, GI disturbances, and lumbar degenerative disc disease. She testified that she has extreme social phobia manifesting in a lifelong fear of strangers and an inability to leave home alone or travel to unfamiliar places. Tr. 72-5. When plaintiff attempts to work, she experiences panic, migraines, dizziness, and difficulty concentrating. Tr. 72, 78, 292, 454. She stated that her sleep is interrupted by anxiety and that she relies on her family to shelter her and make decisions for her. Tr. 72-3, 455. Plaintiff also alleges her mental disorders contribute to daily headaches and migraines that cause vomiting, abdominal pain, exhaustion, and audio and photo sensitivity. Tr. 68-70, 72, 93.

The ALJ refused to fully credit plaintiff's testimony, and provided clear and convincing reasons for doing so. First, the ALJ observed during the hearing plaintiff did not appear to be limited to the extent suggested in her testimony. In making a credibility determination, the ALJ

may rely upon on his personal observations of the claimant.[1] *Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (affirming a negative credibility finding based in part on the ALJ's personal observations). Here, the ALJ noted that plaintiff's demeanor and manner during the hearing were not consistent with her allegations of extreme social anxiety. Rather, plaintiff was able to participate in the hearing in a meaningful way. Tr. 50. Using ordinary techniques of credibility evaluation, the ALJ properly inferred from plaintiff's demeanor at the hearing that her subjective symptom testimony exaggerated her mental health limitations. *Smolen*, 80 F.3d at 1284. The ALJ thus provided a clear and convincing reason for rejecting plaintiff's credibility.

Second, the ALJ noted that plaintiff's complaints were inconsistent with her comportment during a psychological exam with Luke Patrick, Ph.D. An examining physician's finding of inconsistency between a claimant's subjective complaints and her behavior during an examination is a valid credibility consideration. *Batson v. Comm'r*, 359 F.3d 1190, 1196 (9th Cir. 2004). Specifically, Dr. Patrick noted that despite plaintiff's complaints that she had a headache, she did not "display much pain behavior" during her psychological exam on August 4, 2010. Tr. 47-48, 456. The ALJ's reference to Dr. Patrick's observations was an additional valid reason to discount plaintiff's credibility. *Batson*, 359 F.3d at 1196; *Smolen,* 80 F.3d at 1284.

Third, the ALJ discussed inconsistencies between plaintiff's allegations of limitations and the objective medical evidence. Inconsistency with the medical evidence of record is a sufficient basis for rejecting a claimant's testimony. *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). For example, the ALJ noted that while plaintiff testified that she could only lift 10 pounds occasionally, the credible medical evidence showed that she could frequently lift up to 10

---

[1] While plaintiff correctly notes that an ALJ's personal observations of a claimant do not constitute substantial evidence for rejecting a medical opinion, the Ninth Circuit standard for evaluating a claimant's credibility allows using "ordinary techniques of credibility evaluation," which include personal observations. *Smolen*, 80 F.3d at 1284; *Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999).

pounds. Tr. 46-50. This constituted an additional clear and convincing reason for rejecting plaintiff's testimony.

Finally, the ALJ noted inconsistencies between plaintiff's testimony and her activities of daily living. Inconsistency with a claimant's daily activities is a sufficient basis for rejecting a claimant's testimony. *Smolen*, 80 F.3d at 1284. Even where a claimant's activities "suggest some difficulty in functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Here, the ALJ pointed out that plaintiff was able to perform household chores and worked as a housecleaner and as a sorter during her alleged period of disability. Tr. 50. This constituted an additional reason for rejecting plaintiff's subjective symptom testimony, because it suggests that plaintiff's limitations are not as extreme as alleged in her testimony.

In sum, the ALJ provided legally sufficient reasons for rejecting plaintiff's testimony. To the extent that the ALJ erred by citing other reasons for his negative credibility finding, any such error is harmless. *Carmickle*, 533 F.3d at 1162 (ALJ's reference to invalid reason for discounting claimant's credibility was harmless error given that ultimate credibility determination was supported by valid reasons). The ALJ's credibility determination should be affirmed.

**Lay Witness Testimony**

Plaintiff also argues that the ALJ improperly rejected the lay opinion of her sister-in-law Monica Gheorghita. The ALJ may discredit lay witness testimony by providing a "germane reason." *Turner*, 613 F.3d at 1223-24 (explaining that an ALJ need only provide germane reasons to disregard lay witness testimony from "other sources"). Germane reasons for rejecting

a lay witness' testimony include inconsistency with the objective medical evidence in the record. *Tommasetti*, 533 F.3d at 1041. While the ALJ must provide arguably germane reasons for dismissing a lay witness' testimony, she need not clearly link her determination to those reasons. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Ms. Gheorghita has known plaintiff since 1995 and visits with her for two hours every two weeks. Tr. 299. She testified that plaintiff has difficulty completing tasks, concentrating, and understanding and following instructions. Tr. 299-306. The ALJ rejected Ms. Gheorghita's opinion, stating that her level of contact with plaintiff was "infrequent" and that she was therefore only "marginally credible." Tr. 50; SSR 06-3p, *available at* 2006 WL 2329939, at *4-5. The ALJ also noted that Ms. Gheorghita's testimony regarding plaintiff's limitations conflicted with plaintiff's activities of daily living, which included the ability to work for 3 months as a sorter and clean a doctor's house. Tr. 50; *Carmickle*, 533 F.3d at 1164 (ALJ provided a germane reason for rejecting lay witness testimony by pointing out inconsistencies between plaintiff's accomplishments and the lay testimony). On this record, the ALJ provided germane reasons for rejecting Ms. Gheorghita's credibility and should be affirmed. *Lewis,* 236 F.3d at 512. To the extent that plaintiff offers an alternative interpretation of the evidence, it is insignificant because the ALJ's interpretation of the record was rational. *Burch*, 400 F.3d at 679 (variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record).

## RECOMMENDATION

The ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence and should therefore be AFFIRMED.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge.  Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections. *See* Fed. R. Civ. P. 72, 6.  Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this <u>13</u> day of January, 2014.

_____
Mark D. Clarke

United States Magistrate Judge